UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER C. BENEDITH,

    Plaintiff,

-against-

DEPARTMENT OF MEDICINE METRO HEALTH
CENTER, Cleveland OH; DEPARTMENT OF
HEMATOLOGY/ONCOLOGY UNIVERSITY
HOSPITAL, Cleveland OH; METRO HEALTH
MEDICAL CENTER, Cleveland OH;
UNIVERSITY HOSPITAL, Cleveland OH,

    Defendants.

20-CV-0842 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTION, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants' actions in the New York State Supreme Court, New York County, violated his rights. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint *sua sponte* for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (*per curiam*); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Peter C. Benedith, a resident of Los Angeles, California, brings this action purporting to invoke the Court's diversity of citizenship jurisdiction. Plaintiff brings this complaint against the Metro Health Medical Center and its Department of Medicine and the University Hospital and its Department of Hematology/Oncology, all located in Cleveland, Ohio.

Plaintiff alleges the following:

> The plaintiff i[s] suing the defendants for fraud and is seeking one hundred million dollars in damages. In Jan 2017, the plaintiff sued the defendants at the New York County Supreme court (See attachment[s] A, B[,] and C). The plaintiff is arguing to the court that the defendants after realizing that they were going to lose, came up with a scheme to ensure that they would not be held accountable.
>
> This is two things these defendants knew; they were going to lose because New Yorkers would never tolerate someone from another state coming to New York to intimate [sic] another New Yorker and also that the United State[s] Postal Service is very reliable since they have never failed me in over twenty years of living in the United State[s]. They reportedly filed a motion to dismissed [sic] and then claimed that they sent me a letter to my address which was on the file with the court and then reported that the letter was return[ed] to them. Then, they came back to send me a letter with a court order dismissing my case. The plaintiff is claiming to the court that the defendant, after realizing that they were guilty and were going to lose came up with a scheme to win through deceit and misrepresentations to the plaintiff and to the court. The plaintiff believes that this constitutes a fraud and is hoping that the court would punish these defendants and hold them responsible since I know and still believes [sic] that the United State[s] Postal Service is very reliable.

(ECF No. 1 at 4-5.)

Plaintiff attaches to his complaint a copy of the June 5, 2017 state-court decision in *Benedith v. Dep't of Hematology*, Index No. 1000056/2017, granting Defendants' motions and dismissing the complaint in its entirety. (*Id.* at 32-34.)

Plaintiff seeks damages in the amount of "one hundred million dollar[s]." (*Id.* at 5.)

## DISCUSSION

### A. Rooker-Feldman Doctrine

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine − named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) − applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff complains that Defendants' actions in state court violated his rights and led to the dismissal of the state-court action. Plaintiff's claim is for therefore for an injury "caused by the state-court judgment." *Exxon*, 544 U.S. at 284. This Court cannot review and reject the state-court decision.

### B. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1] Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other requests are denied as moot.

SO ORDERED.

Dated: March 23, 2020
New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 4.)